**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
E-Mail: docket@ashrlaw.com
E-Mail: jbs@ashrlaw.com
E-Mail: eah@ashrlaw.com
E-Mail: nbv@ashrlaw.com

**James Burr Shields – 011711**
**Erin A. Hertzog – 030770**
**Natalie B. Virden – 031609**
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JEANETTE FOODY, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| FITZMAURICE HAND INSTITUTE, PLLC, an Arizona professional limited liability company; FITZ HOLDING, LCC, an Arizona limited liability company; MICHAEL FITZMAURICE, MD, | |
| Defendants. | |

Plaintiff Jeanette Foody ("Plaintiff") for her cause of action against Defendants Fitzmaurice Hand Institute, PLLC, Fitz Holding, LLC, and Michael Fitzmaurice, MD (collectively, "Defendants") alleges:

**GENERAL ALLEGATIONS**
**(Parties and Jurisdiction)**

1. Plaintiff is and was a resident of Maricopa County, Arizona, during all relevant times. Plaintiff is a former "employee" of Defendants as defined in 29 U.S.C. § 203(e)(1).

2. Defendant Fitzmaurice Hand Institute, PLLC ("FHI") is an Arizona professional limited liability company authorized to and doing business in the State of Arizona. FHI is an "employer" as defined by 29 U.S.C. § 203(d).

759254.1

3. Defendant Fitz Holding, LLC ("Holding") is an Arizona limited liability company authorized to and doing business in the State of Arizona. Holding is an "employer" as defined by 29 U.S.C. § 203(d).

4. Upon information and belief, Defendant Michael Fitzmaurice, MD ("Dr. Fitzmaurice") is now, and at all times relevant has been, a resident of Maricopa County, Arizona. Dr. Fitzmaurice is an "employer" as defined by 29 U.S.C. § 203(d).

5. Upon information and belief, Defendants' employees are engaged in commerce or in the production of goods for commerce, and/or handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, commerce, and the enterprise's annual gross volume of sales or business done is not less than $500,000.

6. Upon information and belief, Dr. Fitzmaurice is wholly responsible for the operations of his businesses. Dr. Fitzmaurice is the primary manager and only member of FHI and is the manager and a member of Holding.

7. Dr. Fitzmaurice exercises managerial responsibilities and substantial control over the terms and conditions of the employees' work. Among other things, Dr. Fitzmaurice is primarily responsible for hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, determining the rate and method of payment, signing employee paychecks, maintaining any employment records that may exist, and drafting, implementing, and enforcing employee policies.

8. Defendants have committed actions and caused events to occur in the County of Maricopa, State of Arizona, which are the foundation of this action and out of which this action arises.

9. This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

**(Jury Demand)**

11. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

759254.1

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff was employed by Defendant as its Billing and Coding Manager from approximately June 2015 through June 23, 2017. Plaintiff's responsibilities included, but were not limited to, submitting bills to insurance companies, coding medical services for insurance companies, posting payments to medical bills, and collections.

13. At all times, Plaintiff performed with competence and distinction and to Defendants' benefit.

14. Despite her title, Plaintiff did not have supervision or management responsibilities such as determining the rates of pay for other employees, setting other employees' schedules or hours, or hiring or firing other employees. The extent to which she controlled the manner in which other employees performed their job duties was merely dividing up work and verifying that the work met Defendants' quality standards.

15. Plaintiff had no authority to exercise significant independent judgment on issues that affected the whole company when carrying out her job responsibilities.

16. Plaintiff was a non-exempt employee.

17. Throughout her tenure with Defendants, Plaintiff worked between 50 and 55 hours per week. Upon information and belief, Defendants possess records that reflect the time Plaintiff arrived each morning and the time she left each night.

18. At the time she was hired, Plaintiff was paid $35.00 per hour. Additionally, Plaintiff was paid one and one-half (1 ½) times her regularly hourly rate for all hours worked over forty (40) hours per week.

19. In approximately September 2015, Defendants switched Plaintiff's compensation from hourly to salary. At this time, Plaintiff was paid $72,000 per year, plus bonuses. Plaintiff was paid approximately 2% of the amount of money collected as her bonus on a monthly basis. When Defendants switched Plaintiff from hourly to salary Defendants stopped paying her one and one-half (1 ½) times her regularly hourly rate for all hours worked over forty (40) hours per week.

759254.1

20. In February 2017, Plaintiff received a salary increase to $95,000 per year, however, she was no longer entitled to bonuses.

21. In addition to her salary, Plaintiff received paid vacation in the amount of 160 hours per year.

22. Defendants maintained a policy and practice of allowing employees to carry over their accrued vacation time from year to year. This policy was articulated in Defendants' employee handbook.

23. Additionally, Defendants maintained a policy and practice of paying employees their earned and unused vacation time upon resignation. This policy was articulated in Defendants' employee handbook.

24. On June 9, 2017, Plaintiff informed Defendants that she was resigning her employment effective June 23, 2017. Plaintiff worked her regular schedule through June 23, 2017.

25. During the two weeks following Plaintiff's resignation, but before her last day of work, Plaintiff asked if she would be receiving payment for her earned and unused vacation time on her last day of work. Defendants told Plaintiff she would receive such payment.

26. Additionally, Terrell Coleman, Defendants' Chief Operating Officer, and Jennifer Brown, the person in charge of accounts payable, told Plaintiff that Defendants had put $11,700 into Defendants' operating bank account, which represented Plaintiff's final two weeks of salary plus the 160 hours of paid vacation she earned and had not used.

27. On Plaintiff's last day of work, she was given a paycheck for her regular salary. The paycheck did not include any sums for Plaintiff's earned vacation time.

28. When Plaintiff asked why she was not paid for her earned vacation, despite promises that she would receive payment, Terrell Coleman told her that Dr. Fitzmaurice did not believe she should be paid her earned and unused vacation pay because he felt that Plaintiff had been overpaid in the form of her bonuses during the past year.

759254.1

**FIRST CLAIM FOR RELIEF**
**(Violation of 29 U.S.C. § 207)**

29. While employed by Defendants, Plaintiff worked multiple hours of overtime per week.

30. Plaintiff was a non-exempt employee.

31. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

32. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular rate of pay for each hour of overtime worked per week.

33. In addition to the amount of unpaid overtime owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216 (b).

34. Upon information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

35. Defendant has not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

36. Plaintiff was employed by Defendants pursuant to a contractual relationship based on representations, procedures, past practice and course of conduct.

37. Defendants had a policy and practice of paying employees who resigned for earned and unused vacation time.

38. Defendants told Plaintiff during her last two weeks of work that she would be paid for her earned and unused vacation time.

39. Defendants did not pay Plaintiff for earned and unused vacation time at the time she resigned her employment, despite representations that they would do so.

5

759254.1

40. Plaintiff is damaged as herein alleged or in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests Judgment in her favor and against Defendants as follows:

A. An award of unpaid overtime and liquidated damages thereon in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §§ 207 and 216(b);

B. An award of Plaintiff's earned and unused vacation time in an amount proven at trial;

C. For actual, consequential and incidental damages as alleged herein or as proven at trial;

D. For attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. §§ 12-341 and 12-341.01 or any other statute or regulation that permits Plaintiff to recover attorneys' fees and costs;

E. For interest, post-judgment and pre-judgment, on each such element of damage, costs or attorneys' fees at the highest legal rate from the date each such damage, costs or attorneys' fees was incurred until paid; and

F. For such other and further relief as the Court deems just and proper.

DATED this 1st day of September, 2017.

AIKEN SCHENK HAWKINS & RICCIARDI PC

By: */s/ Natalie B. Virden*
James Burr Shields
Erin A. Hertzog
Natalie B. Virden
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
*Attorneys for Defendants*

759254.1